UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JUAN PIERRE GRIFFIN,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>EVERY EUROPEAN UNION COUNTRY, ET AL<br><br>　　　　Defendants. | NO. 2:17-CV-00008-JLQ<br><br>ORDER DISMISSING COMPLAINT AS FRIVOLOUS AND BASELESS, DIRECTING ENTRY OF JUDGMENT, AND CLOSING FILE |

　　On January 6, 2017, Plaintiff submitted his *pro se* Complaint along with an Application to Proceed *In Forma Pauperis*. *See* (ECF No. 1); (ECF No. 2). On January 9, 2017, this court issued an Order to Show Cause in Plaintiff's **twelve** other cases wherein the court dismissed his complaints as frivolous and baseless. The Application to Proceed *In Forma Pauperis* in the instant matter has not been evaluated.

　　In the Complaint, Plaintiff alleged "[t]he only venue that is appropriate is the international court. I was deported from Germany in 2010 and the international court is also appropriate." (ECF No. 1 at 4). He alleged "[t]he president of the United States of America has a team of cyber experts who knew about the cyberstalking of Juan Pierre Griffin but has done nothing about it." (ECF No. 1 at 6). He re-raised allegations dismissed in one of his many lawsuits about Plaintiff allegedly being "the last solider at Ft. Ord, CA" and not being paid for it. (ECF No. 1 at 6); *see Griffin v. The President of the United States of America #41 et al.*, No. 2:17-CV-00005-JLQ. Plaintiff also re-raised allegations regarding "at least 80 non responded 911 calls" against the Spokane Police Department. (ECF No. 1 at 6); *see Griffin v. The National 911 System, et al.*, No. 2:16-

ORDER - 1

CV-00206-JLQ. The final repeated allegations concern his alleged "longest eviction in history" from 2014. (ECF No. 1 at 6); *see Griffin v. Spokane Police Department, et al.*, No. 2:16-CV-00207-JLQ.

The only new allegations concern his allegedly being in Germany in 2010 when he was arrested and spent 90 days in jail for allegedly losing his passport. (ECF No. 1 at 6). Plaintiff asserts "[t]o this day I still have problems [illegible] because of what they, the neo-nazi's said to me 'don't go to sleep n*****, in English." (ECF No. 1 at 7). Plaintiff sought "$999 trillion dollars x 4, not sure when it comes to Germany" in damages. (ECF No. 1 at 7).

Pursuant to 28 U.S.C. § 1915(a), a district court "may authorize the commencement ... of any suit ... without prepayment of fees... by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person in unable to pay such fees or give security therefor." *See also*, *Andrews v. Cervantes*, 493 F.3d 1047, 1051 n.1 (9th Cir. 2007) (citing *Lister v. Department of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005) stating the statute applies to all persons, not just prisoners). However, "the court shall dismiss the case at any time if the court determines ... the action ... (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint "is frivolous where it lacks an arguable basis either in law or in fact. [The] term 'frivolous,' when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), *superseded by statute on other grounds as stated in Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000). The court may dismiss a claim when it is "based on an indisputably meritless legal theory" or when "factual contentions are clearly baseless." *Neitzke*, 490 U.S. at 327. The "critical inquiry" is whether any of the claims have "an arguable basis in law and fact." *Jackson v. State of Ariz.*, 885 F.2d 639, 640 (9th Cir. 1989), *superseded by statute on other grounds as stated in Lopez*, 203 F.3d at 1130-31.

ORDER - 2

The facts alleged in a complaint are to be taken as true and must "plausibly give rise to an entitlement of relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Mere legal conclusions "are not entitled to the assumption of truth." (*Id.*). A complaint must contain more than "a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). It must plead "enough facts to state a claim to relief that is plausible on its face." (*Id.* at 570).

A "finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). In considering whether a complaint is frivolous, "the *in forma pauperis* statute, unlike Rule 12(b)(6), 'accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." (*Id.*) (quoting *Neitzke*, 490 U.S. at 327).

In considering a *pro se* complaint which fails to state a claim as presented, the court should allow leave to amend unless it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Broughton v. Cutter Laboratories*, 622 F.2d 458, 460 (9th Cir. 1980) (per curiam).

Under 42 U.S.C. § 1983, a plaintiff must prove: (1) a person acting under color of state law (2) committed an act that deprived the plaintiff of some right, privilege, or immunity protected by the Constitution or laws of the United States. *Leer v. Murphy*, 844 F.2d 628, 632-33 (9th Cir. 1988). A person deprives another "of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which [the plaintiff complains]." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

To establish liability pursuant to 42 U.S.C. § 1983, the plaintiff must set forth facts demonstrating how each defendant caused or personally participated in causing a

ORDER - 3

deprivation of the plaintiff's protected rights. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *Arnold v. International Business Machines Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981). Even a liberal interpretation of a civil rights complaint may not supply essential elements of a claim the plaintiff failed to plead. *Ivey v. Board of Regents of University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

Plaintiff's allegations are baseless and frivolous. Repeating previously dismissed claims is frivolous and malicious. *See Baize v. Austin*, 2016 WL 4127803 at *2 (S.D. Cal. August 3, 2016); *Cato v. U.S.*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995); *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988). The vast majority of Plaintiff's allegations have been previously asserted and found frivolous. The only new allegations concern fanciful claims from when Plaintiff was allegedly in Germany. The court finds the Complaint frivolous and no amendment would cure the baseless claims contained therein.

The court observes Plaintiff has had eleven other lawsuits dismissed as frivolous and baseless in addition to the instant matter. It appears Plaintiff deems it appropriate to file a new lawsuit whenever he is unhappy or dissatisfied with another person's actions. This defies the purpose of civil lawsuits and takes up the court's time addressing frivolous claims. The court has already directed Plaintiff to show cause in those other cases why the court should not declare him to be a vexatious litigant. The allegations in the instant matter further support the court's findings and observations therein.

**IT IS HEREBY ORDERED**:

1. The Complaint (ECF No. 1) and the claims therein are **DISMISSED WITH PREJUDICE** based on the court's finding that the claims and factual allegations contained therein are frivolous and baseless.
2. The Clerk is directed to enter judgment of dismissal of the Complaint (ECF No. 1) and the claims therein **WITH PREJUDICE** and without costs or attorneys' fees awarded to any party.

///

///

ORDER - 4

**IT IS SO ORDERED**.  The Clerk is directed to enter this Order and Judgment, furnish copies to Mr. Griffin, and close this file.

Dated January 10, 2017.

                        s/ Justin L. Quackenbush
                    JUSTIN L. QUACKENBUSH
        SENIOR UNITED STATES DISTRICT JUDGE

ORDER - 5